FILED
2022 Oct-14  PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **VERNON P. BROWN,** | ) | |
| **ANTHONY "TONY" CHAPMAN,** | ) | |
| **ERVIN SMITH, WILLIE C. SMITH,** | ) | |
| **and ARTHUR O. SUDDUTH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVENPORT TRANSPORTATION,** | ) | **JURY DEMAND** |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

## I. INTRODUCTION

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a ("Title VII") which provides for relief against discrimination in employment on the basis of race. This action is also brought under 42 U.S.C. § 1981 ("§1981") which provides for relief against discrimination in employment based on race. Plaintiffs Vernon Brown, Anthony "Tony" Chapman, Willie Smith, and Arthur Sudduth also assert claims of unlawful age discrimination

under the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq* .("ADEA"). The Plaintiffs seeks compensatory and punitive damages under Title VII and §1981. Plaintiffs seek compensatory wage/benefit and liquidated damages under the ADEA. Plaintiffs request a jury trial pursuant to 42 U.S.C. § 1981a and pursuant to 29 U.S.C. 626 (b) and (c); and 29 U.S.C. 216 (c) and 217.

## II.    JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 29 U.S.C. 626 (b) and (c); 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3.     The unlawful employment practices alleged hereinbelow were committed by the defendant within Walker County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

## III. PARTIES

4.     Plaintiff, Vernon P. Brown (hereinafter "Brown" or "Plaintiff"), is an African-American male citizen of the United States, and a resident of Walker County of the State of Alabama and at the time of the actions which serve as the basis of this suit was forty-eight (48) years of age. Plaintiff was formerly employed by the Defendant.

5.     Plaintiff, Anthony "Tony" Chapman (hereinafter "Chapman" or "Plaintiff"), is an African-American male citizen of the United States, and a resident

2

of Walker County of the State of Alabama and at the time of the actions which serve as the basis of this suit was fifty (50) years of age. Plaintiff was formerly employed by the Defendant.

6.  Plaintiff, Ervin Smith (hereinafter "E.Smith" or "Plaintiff"), is an African-American male citizen of the United States, and a resident of Walker County of the State of Alabama and at the time of the actions which serve as the basis of this suit was fifty-nine (59) years of age. Plaintiff was formerly employed by the Defendant.

7.  Plaintiff, Willie C. Smith (hereinafter "W.Smith" or "Plaintiff"), is an African-American male citizen of the United States, and a resident of Walker County of the State of Alabama and at the time of the actions which serve as the basis of this suit was sixty-nine (69) years of age. Plaintiff was formerly employed by the Defendant.

8.  Plaintiff, Arthur O. Sudduth (hereinafter "Sudduth" or "Plaintiff"), is an African-American male citizen of the United States, and a resident of Walker County of the State of Alabama and at the time of the actions which serve as the basis of this suit was seventy (70) years of age. Plaintiff was formerly employed by the Defendant.

9.  Defendant, Davenport Transportation, Inc. (hereinafter "Davenport" or "Defendant"), is a Georgia based business that provides mail delivery services for

the United States Postal Service and is a federal contractor.  Davenport is a business operating in Walker County, Alabama, within the Northern District of Alabama.

10.    Davenport is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and was the employer of the Plaintiffs. At all times relevant to this action Davenport has employed at least fifteen (15) or more employees.

11.    At all times pertinent to this action the Defendant employed at least twenty (20) persons and is an "employer", and was plaintiffs' employer, and an entity subject to suit under the ADEA, 29 U.S.C. Section 621, *et seq.*

## IV. ADMINISTRATIVE EXHAUSTION

12.    Plaintiffs have each fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII and the ADEA. Plaintiffs timely filed Charges of Discrimination (Brown Charge No. 420-2022-00690; Chapman Charge No. 420-2022-00687; E.Smith Charge no. 420-2022-00709; W.Smith Charge No. 420-2022-00697; and Sudduth Charge No. 420-2022-00696) with the Equal Employment Opportunity Commission ("E.E.O.C.") within 180 days of occurrence of the last discriminatory act(s). Plaintiffs each timely files this Complaint within ninety (90) days of their respective receipt of a Notices of Right to Sue issued by the E.E.O.C.

## V.     FACTS AND CLAIMS

13.     Plaintiffs are African-American and each was over the age of forty (40) at the times the events giving rise to this suit took place.

14.     Prior to May 29, 2021, each Plaintiff was employed with Postal Fleet Services, Inc., a contractor company, delivering mail along routes for the United States Postal Service (USPS).

15.     In May 2021 the USPS contract was given to the Defendant, Davenport, and each of the Plaintiffs became employed with Davenport effective May 29, 2021.

16.     Once employed by Davenport each of the Plaintiffs continued performing their same respective jobs and duties as with the predecessor employer, Postal Fleet Services, Inc.

17.     Throughout their respective employment with both Davenport and the predecessor company, none of the Plaintiffs ever had any performance issues or disciplinary issues.

### Plaintiff Arthur O. Sudduth

18.     Plaintiff Arthur O. Sudduth is an African-American male and at the time of the events giving rise to this action was seventy (70) years old.

19.     In approximately March 2019 Sudduth began working for Postal Fleet Services, Inc., a contractor company, working full-time delivering mail six days per

week along the Parrish/Cordova/Sipsey route for the United States Postal Service (USPS) based out of the Jasper, Alabama, post office facility.

20.     In May 2021 the USPS contract was given to Davenport Transportation, Inc., and Sudduth became employed with them on or about May 29, 2021, performing the same job and duties as he had with Postal Fleet since 2019.

21.     Sudduth kept the same Parrish/Cordova/Sipsey route and continued working his full-time job with no performance issues.

22.     Throughout his employment with the Defendant and its predecessor, Sudduth had no performance issues or disciplinary issues.

23.     Sudduth's direct supervisor with Davenport was Sam Jenkins (Caucasian).

24.     On or about June 29, 2021, Jenkins came to the Jasper, Alabama, USPS site. On that date Jenkins approached Sudduth at his delivery truck along with Nelson Kimberly (Caucasian). Jenkins then informed Sudduth that Kimberly would be replacing Sudduth and that Sudduth might be able to stay on as a relief driver possibly working two (2) days per month.

25.     Sudduth replied to Jenkins that he needed full-time work and Jenkin's response was, "you're out, then," and Sudduth's employment was terminated.

26.     Jenkins then asked Sudduth to take Kimberly out on his route that day to train Kimberly; and Sudduth did so.

27.     During the time Sudduth spent showing Kimberly the route and training him they talked and Sudduth learned that Kimberly was a minister and had just been hired on with Davenport as a new hire having no delivery/driving experience.

28.     Training Kimberly to replace him was the last work Sudduth performed for the company as he was effectively terminated that day.

29.     Nelson Kimberly is Caucasian and younger than Sudduth.

30.     Sudduth was as qualified to perform the job as Kimberly—if not considerably more so with Sudduth's years of experience working and driving the route.

31.     No reason was given to Sudduth for his termination and immediate replacement by a younger, Caucasian new hire.

32.     Sudduth has been discriminated against on the basis of his race (African-American) by being subjected to discriminatory termination and being replaced by a less qualified Caucasian new hire. This conduct was willful, malicious, and in wanton disregard of Sudduth's federally protected rights.

33.     Sudduth has been discriminated against on the basis of his age (70) by being subjected to discriminatory termination and being replaced by a less qualified and younger new hire. This conduct was willful, malicious, and in wanton disregard of Sudduth's federally protected rights.

34.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, compensatory damages, liquidated damages, and punitive damages is his only means of securing adequate relief.

35.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## **Plaintiff Willie C. Smith**

36.     Plaintiff Willie C. Smith is an African-American male and at the time of the events giving rise to this action was sixty-nine (69) years old.

37.     In 2020 W.Smith worked for Postal Fleet Services, Inc., a contractor company, for approximately eight (8) months working part-time delivering mail on the morning shift along the Winston County/Double Springs "short" route for the United States Postal Service (USPS) based out of the Jasper, Alabama, post office facility.

38.     In May 2021 the USPS contract was given to Davenport Transportation, Inc., and W.Smith became employed with them on or about May 29, 2021, performing the same part-time job and duties as he had with Postal Fleet since 2020.

39.     W.Smith kept the same morning part-time Winston County/Double Springs "short" route and continued working for Davenport with no performance issues.

40.     Throughout his employment with the Defendant and its predecessor, W. Smith had no performance issues or disciplinary issues.

41.     W.Smith's direct supervisor with Davenport was Sam Jenkins (Caucasian).

42.     On or about June 29, 2021, Jenkins came to the Jasper, Alabama, USPS site. On that date Jenkins approached W.Smith at his delivery truck along with a Caucasian man introduced to W.Smith as "Dale."  Jenkins then informed W.Smith that "Dale" would be replacing W.Smith and then asked W.Smith to take "Dale" out and train him on his delivery route.

43.      W.Smith agreed and took "Dale" out on his route and trained his replacement.

44.     During the time W.Smith spent showing "Dale" the route and training him they talked and W.Smith learned that "Dale" was a new hire and had no experience in this type of work.

45.     Training "Dale" to replace him was the last work W.Smith performed for the company as he was effectively terminated that day.

46.     "Dale" is Caucasian and younger than W.Smith.

47.     W.Smith was as qualified to perform the job as "Dale"—if not considerably more so with W.Smith's pre-existing experience working and driving the route.

48.     No reason was given to W.Smith for his termination and immediate replacement by a younger, Caucasian new hire.

49.     W.Smith has been discriminated against on the basis of his race (African-American) by being subjected to discriminatory termination and being replaced by a less qualified Caucasian new hire. This conduct was willful, malicious, and in wanton disregard of W.Smith's federally protected rights.

50.     W.Smith has been discriminated against on the basis of his age (69) by being subjected to discriminatory termination and being replaced by a less qualified and younger new hire. This conduct was willful, malicious, and in wanton disregard of W.Smith's federally protected rights.

51.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, compensatory damages, liquidated damages, and punitive damages is his only means of securing adequate relief.

52.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### Plaintiff Vernon P. Brown

53.     Plaintiff Vernon P. Brown is an African-American male and at the time of the events giving rise to this action was forty-eight (48) years old.

54.     Approximately 3-4 years ago Brown began working for Postal Fleet Services, Inc., a contractor company, working part-time delivering mail on the afternoon shift along the Winston County/Double Springs "short" route for the United States Postal Service (USPS) based out of the Jasper, Alabama, post office facility.

55.     In May 2021 the USPS contract was given to Davenport Transportation, Inc., and Brown became employed with them on or about May 29, 2021, performing the same part-time job and duties as he had with Postal Fleet for the past 3-4 years.

56.     Brown kept the same afternoon part-time Winston County/Double Springs "short" route and continued working for Davenport with no performance issues.

57.     Throughout his employment with the Defendant and its predecessor, Brown had no performance issues or disciplinary issues.

58.     Brown's direct supervisor with Davenport was Sam Jenkins (Caucasian).

59.     On or about June 29, 2021, Jenkins came to the Jasper, Alabama, USPS site. On that date Jenkins instructed Brown to train a new hire introduced to him as

"Dale" on Brown's afternoon route. Brown did so and continued to train the new hire for approximately three days.

60.     While Brown was training "Dale" they talked and Brown learned that "Dale" had worked doing maintenance for an apartment complex and had no experience as a delivery or truck driver prior to his hire by Davenport.

61.      On or about July 1, 2021, Brown arrived at work and discovered that "Dale" had taken Brown's truck out on Brown's afternoon delivery route.

62.     Brown called his supervisor, Sam Jenkins, and told him what happened and asked if he had been laid off, as Brown was aware that Plaintiffs Sudduth and W.Smith had been terminated a few days prior.

63.     Jenkins informed Brown that he had not been laid off and that Jenkins would keep Brown on as a backup driver.

64.     However, that was the last day Brown ever worked for Davenport and he was not called as a backup driver or offered any other employment opportunities.

65.     Brown reached out to Davenport repeatedly in an effort to inquire about future job assignments but was unable to reach anyone and none of his calls were returned.

66.     "Dale" is Caucasian and younger than Brown.

67.     Brown was as qualified to perform the job as "Dale"—if not considerably more so with Brown's pre-existing experience working and driving the route.

68.     No reason was given to Brown for his termination and immediate replacement by a younger, Caucasian new hire.

69.     Brown has been discriminated against on the basis of his race (African-American) by being subjected to discriminatory termination and being replaced by a less qualified Caucasian new hire. This conduct was willful, malicious, and in wanton disregard of Brown's federally protected rights.

70.     Brown has been discriminated against on the basis of his age (48) by being subjected to discriminatory termination and being replaced by a less qualified and younger new hire. This conduct was willful, malicious, and in wanton disregard of Brown's federally protected rights.

71.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, compensatory damages, liquidated damages, and punitive damages is his only means of securing adequate relief.

72.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## Plaintiff Anthony "Tony" Chapman

73.     Plaintiff Anthony "Tony" Chapman is an African-American male and at the time of the events giving rise to this action was fifty (50) years old.

74.     In or about April 2019 Chapman began working for Postal Fleet Services, Inc., a contractor company, working full-time delivering mail on the Jasper/Millport route for the United States Postal Service (USPS) based out of the Jasper, Alabama, post office facility.

75.     In May 2021 the USPS contract was given to Davenport Transportation, Inc., and Chapman became employed with them on or about May 29, 2021, performing the same full-time job and duties as he had with Postal Fleet since 2019.

76.     Chapman kept the same full-time Jasper/Millport route and continued working for Davenport with no performance issues.

77.     Throughout his employment with the Defendant and its predecessor, Chapman had no performance issues or disciplinary issues.

78.     Chapman's direct supervisor with Davenport was Sam Jenkins (Caucasian).

79.     On or about July 13, 2021, Chapman received a call from a supervisor named Sidney Williams who asked Chapman if he would be willing to drive a company vehicle when returning from the final route delivery site back to the Jasper post office. Chapman replied that that would not be a problem.

80.   About fifteen minutes later Chapman received a call back and was informed that he was terminated.

81.   Chapman was immediately replaced by Laura Aderholdt, a new hire who is Caucasian and younger than Chapman.

82.   Aderholdt performed Chapman's job route exactly as he had done in the past and she was not required to drive a company car returning from the end of shift.

83.   Nothing about Aderholdt's job duties and expectations was any different than those Davenport placed on Chapman prior to his termination.

84.   Chapman was as qualified to perform the job as Aderholdt—if not considerably more so with Chapmans' pre-existing experience working and driving the route.

85.   In addition, since Aderholdt took over Chapman's job she has been involved in on-the-job vehicle accident(s) and yet remains employed.

86.   Chapman has been discriminated against on the basis of his race (African-American) by being subjected to discriminatory termination and being replaced by a less qualified Caucasian new hire. This conduct was willful, malicious, and in wanton disregard of Chapman's federally protected rights.

87.   Chapman has been discriminated against on the basis of his age (50) by being subjected to discriminatory termination and being replaced by a less qualified

and younger new hire. This conduct was willful, malicious, and in wanton disregard of Chapman's federally protected rights.

88.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, compensatory damages, liquidated damages, and punitive damages is his only means of securing adequate relief.

89.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### Plaintiff Ervin Smith

90.   Plaintiff Ervin Smith is an African-American male and at the time of the events giving rise to this action was fifty-nine (59) years old.

91.   Approximately 1-2 years ago E.Smith began working for Postal Fleet Services, Inc., a contractor company, working part-time delivering mail on the evening shift along the Arley and Millport routes for the United States Postal Service (USPS) based out of the Jasper, Alabama, post office facility.

92.     In May 2021 the USPS contract was given to Davenport Transportation, Inc., and E.Smith became employed with them on or about May 29, 2021, performing the same part-time job and duties as he had with Postal Fleet for the past year.

93.     E.Smith kept the same evening part-time Arley and/or Millport routes and continued working for Davenport with no performance issues.

94.     Throughout his employment with the Defendant and its predecessor, E.Smith had no performance issues or disciplinary issues.

95.     E.Smith's direct supervisor with Davenport was Sam Jenkins (Caucasian).

96.     During his employment, E.Smith was aware that in June and July 2021 Davenport terminated four other African-American delivery drivers (Arthur Sudduth, Willie Smith, Tony Chapman, and Vernon Brown) out of the Jasper, Alabama, location and replaced them with younger, Caucasian, new-hire employees.

97.     E.Smith continued working for Davenport up and until his termination on September 7, 2021.

98.     During this time period E.Smith was asked if he would be willing to drive a company cay when returning from the end of the Millport route back to the Jasper post office. E.Smith communicated that he had no problem doing so.

99. However, prior to his termination date the company never actually provided any company cars or vehicles and none of the drivers were required to drive a company car when returning from the end of a route.

100. On September 7, 2021, E.Smith went in to work and discovered a man named Keith Nelson there inspecting E.Smith's delivery truck and getting ready to run E.Smith's regular route.

101. Nelson informed E.Smith that he was a new hire and had been assigned to run E.Smith's route. Nelson was being trained by another employee on how to run the route and E.Smith was told that he was no longer needed.

102. E.Smith called his Supervisor several times about this matter but was unable to reach him and never had any of his calls returned.

103. No one ever contacted E.Smith about any further work, he was never offered any backup driver jobs, his calls to the Supervisor went unanswered, and his employment was effectively terminated.

104. Nelson is younger than E.Smith and is under the age of forty (40).

105. E.Smith was as qualified to perform the job as Nelson-if not considerably more so with E.Smith's years of experience working and driving the actual route.

106. No reason was given to E.Smith for his termination and immediate replacement by a younger new hire.

107.   While E.Smith remained employed with Davenport from June/July 2021 through his September 7, 2021, termination he observed the work conditions and practices of the new hires which had replaced Plaintiffs Sudduth, W.Smith, Brown, and Chapman. These new hires were not subjected to nor required to comply with any new route policies, procedures, or job duties which were any different from those previously in place and applicable to Plaintiffs.

108.   E.Smith has been discriminated against on the basis of his age (59) by being subjected to discriminatory termination and being replaced by a less qualified and younger new hire. This conduct was willful, malicious, and in wanton disregard of E.Smith's federally protected rights.

109.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and liquidated damages is his only means of securing adequate relief.

110.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## <u>COUNT I – PLAINTIFF ARTHUR O. SUDDUTH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII</u>

111.   Plaintiff Sudduth realleges and incorporates by reference fact paragraphs 13-17, 18-35, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

112.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

113.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

114.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

115.   Plaintiff is suffering and will continue to suffer irreparable injury from The Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

116.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT II - PLAINTIFF ARTHUR O. SUDDUTH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

117.   Plaintiff Sudduth realleges and incorporates by reference fact paragraphs 13-17, 18-35, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

118.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

119.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

120.   The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

121.   Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

122.   The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

21

123.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

124.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

125.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT III - PLAINTIFF ARTHUR O. SUDDUTH'S CLAIMS OF AGE DISCRIMINATION IN VIOLATION OF THE ADEA

126.   Plaintiff Sudduth realleges and incorporates by reference fact paragraphs 13-17, 18-35, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

127.   As set out in detail above, the Defendant unlawfully discriminated against the Plaintiff on the basis of his age (70) by terminating his employment and replacing him with a younger, less qualified new-hire.

128.   Said discrimination was done intentionally and/or willfully in violation of the federally protected rights of the plaintiff.

129.   The Defendant has thus violated the proscriptions against age discrimination found in the ADEA.

130.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for front pay, backpay, injunctive relief, and liquidated damages is his only means of securing adequate relief.

131.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT IV – PLAINTIFF WILLIE C. SMITH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII

132.   Plaintiff W.Smith realleges and incorporates by reference fact paragraphs 13-17, 36-52, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

133.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

134.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

135.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

136.   Plaintiff is suffering and will continue to suffer irreparable injury from The Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

137.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

**COUNT V - PLAINTIFF WILLIE C. SMITH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

138.   Plaintiff W.Smith realleges and incorporates by reference fact paragraphs 13-17, 36-52, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

139.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

140.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

141.   The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

142.   Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial

discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

143.   The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

144.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

145.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

146.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT VI - PLAINTIFF WILLIE C. SMITH'S CLAIMS OF AGE DISCRIMINATION IN VIOLATION OF THE ADEA

147.   Plaintiff W.Smith realleges and incorporates by reference fact paragraphs 13-17, 36-52, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

148.   As set out in detail above, the Defendant unlawfully discriminated against the Plaintiff on the basis of his age (69) by terminating his employment and replacing him with a younger, less qualified new-hire.

149.    Said discrimination was done intentionally and/or willfully in violation of the federally protected rights of the plaintiff.

150.    The Defendant has thus violated the proscriptions against age discrimination found in the ADEA.

151.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for front pay, backpay, injunctive relief, and liquidated damages is his only means of securing adequate relief.

152.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT VII – PLAINTIFF VERNON P. BROWN'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII

153.    Plaintiff Brown realleges and incorporates by reference fact paragraphs 13-17, 53-72, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

154.    As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

155.    All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

26

156.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

157.   Plaintiff is suffering and will continue to suffer irreparable injury from The Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

158.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT VIII - PLAINTIFF VERNON P. BROWN'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

159.   Plaintiff Brown realleges and incorporates by reference fact paragraphs 13-17, 53-72, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

160.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

161.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

162.   The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

163.   Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

164.   The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

165.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

166.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

167.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT IX - PLAINTIFF VERNON P. BROWN'S CLAIMS OF
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

168.    Plaintiff Brwon realleges and incorporates by reference fact paragraphs 13-17, 53-72, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

169.    As set out in detail above, the Defendant unlawfully discriminated against the Plaintiff on the basis of his age (48) by terminating his employment and replacing him with a younger, less qualified new-hire.

170.    Said discrimination was done intentionally and/or willfully in violation of the federally protected rights of the plaintiff.

171.    The Defendant has thus violated the proscriptions against age discrimination found in the ADEA.

172.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for front pay, backpay, injunctive relief, and liquidated damages is his only means of securing adequate relief.

173.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT X – PLAINTIFF ANTHONY "TONY" CHAPMAN'S CLAIMS OF
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

174.    Plaintiff Chapman realleges and incorporates by reference fact paragraphs

13-17, 73-89, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

175.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

176.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

177.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

178.   Plaintiff is suffering and will continue to suffer irreparable injury from The Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

179.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT XI - PLAINTIFF ANTHONY "TONY" CHAPMAN'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

180.   Plaintiff Chapman realleges and incorporates by reference fact paragraphs

13-17, 73-89, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

181.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

182.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

183.   The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

184.   Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

185.   The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

186.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

187.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

188.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT XII - PLAINTIFF ANTHONY "TONY" CHAPMAN'S CLAIMS OF AGE DISCRIMINATION IN VIOLATION OF THE ADEA

189.   Plaintiff Chapman realleges and incorporates by reference fact paragraphs 13-17, 73-89, 99-100, and 107 above with the same force and effect as if fully set out in specific detail hereinbelow.

190.   As set out in detail above, the Defendant unlawfully discriminated against the Plaintiff on the basis of his age (50) by terminating his employment and replacing him with a younger, less qualified new-hire.

191.   Said discrimination was done intentionally and/or willfully in violation of the federally protected rights of the plaintiff.

192.   The Defendant has thus violated the proscriptions against age discrimination found in the ADEA.

193.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for front pay, backpay, injunctive relief, and liquidated damages is his only means of securing adequate relief.

194.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT XIII – PLAINTIFF ERVIN SMITH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII

195.   Plaintiff E.Smith realleges and incorporates by reference fact paragraphs 13-17, and 90-110 above with the same force and effect as if fully set out in specific detail hereinbelow.

196.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

197.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

198.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

199.   Plaintiff is suffering and will continue to suffer irreparable injury from The Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

200.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT XIV - PLAINTIFF ERVIN SMITH'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

201.   Plaintiff E.Smtih realleges and incorporates by reference fact paragraphs 13-17, and 90-110 above with the same force and effect as if fully set out in specific detail hereinbelow.

202.   As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by terminating his employment and replacing him with a less qualified Caucasian new-hire, at least in part, on the basis of the Plaintiff's race, African-American.

203.   All acts of race discrimination were done willfully and with malicious and reckless disregard for the rights of the Plaintiff.

204.   The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

205.   Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination, and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial

discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

206.   The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

207.   As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

208.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

209.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiffs, as secured by Title VII, 42 U.S.C. § 1981, and the ADEA.

2.     Grant Plaintiffs a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991"; 42 U.S.C. § 1981; and the ADEA.

3.     Grant Plaintiffs Sudduth, W.Smith, Brown, and Chapman an order requiring the Defendant to make each whole by awarding each reinstatement into the position each would have occupied in the absence of racial discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding Plaintiffs compensatory, punitive, and/or nominal damages.

4.     Grant all Plaintiffs an order requiring the Defendant to make each whole by awarding each reinstatement into the position(s) each would have occupied in the absence of unlawful age discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and liquidated damages as allowed under the ADEA.

5.     The Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,


/s/ Temple D. Trueblood
Temple D. Trueblood (TRU014)
Attorney for Plaintiffs

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
ttrueblood@wigginschilds.com


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES
TRIABLE BY A JURY.**

s/ Temple D. Trueblood
OF COUNSEL




**Plaintiffs requests this Honorable Court to serve via certified mail upon each
of the named defendant the following: Summons, Complaint.**

Defendant's Address:
Davenport Transportation, Inc.
c/o Tony Smith, Legal Representative
1224 Pat Haralson Memorial Drive
Blairsville, Georgia 30512


s/ Temple D. Trueblood
OF COUNSEL